Ferance vs. Roemer and wife.

---

Ferance, Appellant, vs. Roemer and wife, Respondents.

*September 1 — September 21, 1886.*

*Land contract: Agency: Evidence.*

Findings of the trial court to the effect that an oral contract for the purchase of land, and payments thereon, were made by one G. on his own behalf and not as agent for the plaintiff, and that the plaintiff is not entitled to a conveyance, are *held* to be sustained by the evidence.

Ferance vs. Roemer and wife.

APPEAL from the Circuit Court for *Outagamie* County. The case is thus stated by Mr. Justice CASSODAY:

"February 25, 1880, James Smith owned the land in question. The plaintiff claimed that on that day, through one Charles L. Grandorff, as her agent, Smith orally agreed to convey to her the land, on payment of $400; that she paid $25 at the time, and thereupon went into the actual possession; that March 30, 1880, she paid $302.47 more; that July 19, 1880, Smith conveyed the land to the defendant *Joseph Roemer*, who took the conveyance knowing all the facts, and recorded his deed; that at that time *Roemer* and wife gave back to Smith a note and mortgage on the land for $75, for the purchase price; that *Roemer* had refused to convey the land to her upon her offering to pay the balance of the $400, and interest. Wherefore she prayed judgment that he so convey upon her making such payment.

"The defendants denied that the plaintiff ever made such agreement, or such payments, or that Grandorff acted as her agent, but claimed that Grandorff made the agreement in his own name, and for his own benefit, and made each of the two payments named for himself, and went into the actual possession, and procured the plaintiff to move upon the premises, and keep house for him, as he was an old man and had no family; that in consequence of a disagreement between him and the plaintiff and her children, and her refusal to vacate, he left and went to Europe; that in pursuance of an agreement with Grandorff, who was largely indebted to him for attorney's fees, *Roemer* procured the deed from Smith of July 19, 1880, and gave back the note and mortgage, to protect and secure his own rights and those of Grandorff, in good faith and without any fraud; and that he held the same for the benefit of himself and in trust for Grandorff.

"The court found, as a matter of fact, that the claim of the plaintiff was not sustained by the evidence, but that the

claim of the defendants was sustained by the evidence, and hence that defendants were entitled to the possession of the land for the purposes claimed, and that the plaintiff's complaint should be dismissed. Judgment was entered accordingly, from which the plaintiff appeals."

For the appellant there was a brief by *Collins & Pierce*, and oral argument by *Mr. Collins*.

*Henry D. Ryan*, for the respondents.

CASSODAY, J. The findings of the court seem to be sustained by the evidence. The plaintiff admits, in effect, that Grandorff came to her, and wanted her to move upon the premises, so he could live with her, and make his home there; and that, in pursuance of that request, she and he went upon the premises together, and that he boarded with her. Grandorff swears, in effect, that she did not go with him to negotiate about the lot, nor at any time to see about the lot; that he purchased the lot himself, and made both of the payments mentioned. It is conceded that, when Grandorff paid over each of the two payments mentioned, he took a receipt for the same of Smith, acknowledging that the payments were made by him. It is also conceded that, when the last of the two payments was made, Smith executed a deed of the land to Grandorff. That deed was left with a party in escrow, and subsequently marked canceled by some one, but never in fact delivered to Grandorff. It appears that in May, 1880, Grandorff sued Smith to recover back the $327.47 he had paid him on the land; and that Smith answered, in effect, that the parol contract of purchase was with the plaintiff, and that she in fact paid each of the payments made. Smith died before the trial; and it is claimed that his answer must have the effect of evidence. This may be so, but it certainly is not conclusive as against Grandorff or the defendants. Besides, Smith's receipts and one deed executed before the answer, and his deed executed

and delivered after the answer, are in direct conflict with the statements in favor of the plaintiff contained in the answer, and in perfect harmony with the theory of the defense. Upon the whole evidence we are forced to the same conclusion as the trial court. As there is no question of law involved, it is unnecessary to say more.

*By the Court.*— The judgment of the circuit court is affirmed.